UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:96-cr-00004-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL CROWDER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the following motions filed by counsel for defendant:

(1) Petition for Writ of Habeas Corpus and or Alternatively Motion Seeking Immediate Release of the Defendant (#258) (error in the original); and

(2) Motion to Set Aside SRV Revocation Order, Consented to Motion to Dismiss Supervised Release Violation and Motion to Incorporate as Grounds Previously Filed Petition for Writ of Habeas Corpus and or Alternatively Motion Seeking Immediate Release of the Defendant (#259) (error in the original).

The court has deemed these requests to be a Motion to Vacate, Modify, or Set Aside the Judgment made in accordance with 28 U.S.C. § 2255. Having conducted an initial review of the petition, the court determines that defendant contends that the Judgment entered on July 3, 2013 (#251), on defendant's June 18, 2013, conviction for violation of the conditions of his supervised release, should be vacated as the conviction in state court for First Degree murder has been overturned, the state charges have been dismissed, and that such decision of the North Carolina Court of Appeals has become a final decision. Counsel has not attached a copy of the appellate decision; however, the court has retrieved, read, and considered the decision in State v.

1

Crowder, ___ N.C.App.___, 758 S.E.2d 481, 2014 WL 1047660 (March 18, 2014), *petition for writ of supersedes denied*, ___ N.C. ___ 2014 WL 2652558 (June 11, 2014). While a conviction in state court is not a necessary predicate for a supervised release violation in federal court, United States v. Poellnitz, 372 F.3d 562 (3d Cir.2004) (holding that in order "to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions" of supervised release), the court concurs that the underpinnings of this violation, to wit, a conviction in state court, are no longer present. As other courts have recognized, "the Supreme Court and its lower courts have left it to the district judges' discretion as to whether to reopen a federal supervised release violation sentence when the state court has subsequently vacated the state conviction." United States v. Davis, 2011 WL 1584850, *3 (W.D.Pa. April 25, 2011) (citations and footnote omitted). It appearing that the government does not oppose the relief sought, and, having considered the substance of the alleged violation, the transcript of the SRV hearing, and the final decision of the state court, the court will vacate the SRV Judgment and dismiss the SRV petition.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's motions are deemed to be a Motion to Vacate, Modify, or Set Aside the Judgment, and such motion is **GRANTED.** The July 3, 2013, **JUDGMENT** (#251) is **VACATED,** and the Petition for Warrant for offender Under Supervision (#197) is **DISMISSED** without prejudice.

The Clerk of Court is instructed to hand deliver a copy of this Order to the United States Marshal so that any detainer based on the court's previous Judgment (#251) can be immediately withdrawn.

Signed: July 7, 2014

Max O. Cogburn Jr.
United States District Judge